IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHHNY D. KNADLER,<br><br>   Plaintiff,<br><br>   v.<br><br>BEN S. FURTH, THE FURTH FIRM et al.,<br><br>   Defendants.<br>_____/ | No. C 04-01220 CRB<br><br>**MEMORANDUM AND ORDER RE:<br>MOTION FOR ATTORNEYS' FEES** |

Now before the Court is defendants' Motion for Attorneys' Fees pursuant to section 706(k) of Title VII of the Civil Rights Act of 1964. On September 9, the Court granted summary judgment in favor of defendants. This motion contends that defendants' should be awarded attorneys' fees as the prevailing party under Title VII. See 42 U.S.C. § 2000e-5(k). After carefully considering the parties' submissions, the Court has determined that oral argument is unnecessary, see Local Rule 7-1(b), and the motion is DENIED.

### BACKGROUND

Plaintiff brought this employment discrimination action against his former employer, the Furth Firm, and a former partner there, Ben Furth, after plaintiff was terminated from his job as an associate at the law firm. Plaintiff alleged five causes of actions in his Second Amended Complaint for gender and race discrimination under Title VII, the California Fair Employment & Housing Act, and the Equal Pay Act, intentional infliction of emotional

distress, and negligent supervision. The Court granted summary judgment for defendants on all claims and entered judgment to that effect on September 9, 2005.

The detailed factual background can be found in the Court's Memorandum and Order Granting Defendant's Motion for Summary Judgment ("Memorandum and Order"). At the core, plaintiff's claims arose out of the following allegations: (1) defendant Ben Furth's use of the term "Cheeze-whiz" to describe plaintiff, who is half-Asian, was tantamount to race discrimination; (2) a "paramour" theory of gender discrimination whereby defendant Ben Furth's romantic relationship with another associate at the law firm coupled with favoritism resulted in discrimination against plaintiff; and (3) plaintiff was not paid as much as similarly situated co-workers.

On September 23, 2005, defendants timely filed a motion for attorney's fees. See Local Rule 54-6(a); Fed. R. Civ. P. 54(d)(2)(B). Defendants contend that plaintiff's claims were "unreasonable and baseless," thereby authorizing the Court to award them attorney's fees. Defendants request an award of $83,790 for their attorney's fees, plus fees related to this motion.

**DISCUSSION**

**I.      Legal Standard for Attorney's Fees in Employment Discrimination Cases**

In a Title VII case, a district court has discretion to award attorneys' fees to a prevailing defendant "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith."[1] Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978); see also Warren v. City of Carlsbad, 58 F.3d 439, 444 (9th Cir. 1995); EEOC v. Bruno's Restaurant, 13 F.3d 285, 287 (9th Cir.1993); 42 U.S.C. § 2000e-5(k). The Ninth Circuit has cautioned that "[a]ttorneys' fees in civil rights cases should only be awarded to a defendant in exceptional circumstances." Saman v. Robbins, 173 F.3d 1150, 1157 (9th Cir. 1999) (quoting Barry v. Fowler, 902 F.2d 770, 773

---

[1] California courts interpreting FEHA have adopted the methods and principles developed by federal courts in decisions applying Title VII of the Civil Rights Act of 1964 and similar statutes. See Rosenman v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro 91 Cal. App. 4th 859, 865 (Cal. Ct. App. 2001); see also Cummings v. Benco Building Services, 11 Cal. App. 4th 1383, 1389 (Cal. Ct. App. 1992). As a result, the same legal standard applies under California and federal law.

(9th Cir. 1990)). Moreover, the Ninth Circuit has specifically directed district courts to "exercise caution in awarding fees to a prevailing defendant in order to avoid discouraging legitimate suits that may not be 'airtight.'" Bruno's Restaurant, 13 F.3d at 287 (quoting Christiansburg, 434 U.S. at 422).

In Christiansburg, the seminal Supreme Court decision establishing the standard for awarding attorney's fees to prevailing defendant's in Title VII cases, the Supreme Court noted that "the course of litigation is rarely predictable," and stressed the importance of "resist[ing] the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Christiansburg, 434 U.S. at 421, 422.

**II.     Analysis**

Plaintiff's lawsuit, though far from "airtight," was not "frivolous, unreasonable, or without foundation." Though defendants ultimately prevailed, plaintiff made several colorable claims. First, a race discrimination claim based on a supposed racial epithet such as "Cheeze-whiz" is a matter of first impression in this Court. Plaintiff should not be punished for attempting to extend the law of race discrimination, however lacking in merit his claim ultimately may have been.

Second, there is an apparent conflict among circuit courts regarding the "paramour" theory of gender discrimination. Compare King v. Palmer, 778 F.2d 878, 880 (D.C. Cir. 1985) (endorsing the paramour theory in dicta) with Alberto v. Bank of America (1995 WL 562170, *4 (N.D. Cal. 1995) (noting that "every other federal court which has considered the propriety of the 'paramour' theory has rejected it as a Title VII cause of action"). In addition, the California Supreme Court recently validated such a theory, although clear distinctions exist between that case and the one here. See Miller v. Dep't of Corrections, 36 Cal. 4th 446, 451 (Cal. 2005). Plaintiff's claim of gender discrimination proved to be without merit, but it was far from frivolous or unreasonable.

Finally, though pled in an unclear manner, plaintiff arguably established a *prima facie* case of discrimination under the Equal Pay Act. See Memorandum and Order at 13-14. Though not conclusive, a claim that makes out a *prima facie* case is normally not frivolous. See Warren, 58 F.3d at 444.

## CONCLUSION

For the foregoing reasons, defendant's Motion for Attorneys' Fees is DENIED. Parties are responsible for their own legal fees.

**IT IS SO ORDERED.**

Dated: October 26, 2005

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE