IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY D. KNADLER,<br><br>         Plaintiff,<br><br>    v.<br><br>BEN S. FURTH, THE FURTH FIRM, and DOES 1 through 5, inclusive,<br><br>         Defendants._____/ | No. C 04-1220 CRB<br><br>**ORDER RE: TAXATION OF COSTS** |

In this employment discrimination action the defendants now request taxation of costs as the prevailing party. After carefully reviewing the papers submitted by the parties, the Court has determined that no oral argument is necessary, and the request is GRANTED in part and DENIED in part.

The Federal Rules of Civil Procedure provide that "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). Yet a district court's "discretion is not unlimited." Assoc. of Mexican-American Educators v. California, 231 F.3d 572, 591 (9th Cir. 2000) (en banc). The Local Rules of the Northern District of California provide more specific information as to what costs can be taxed. See Local Rule 54.

**DISCUSSION**

On September 9, 2005, the Court granted summary judgment in favor of defendants and judgment was entered. As a result, defendants are the prevailing party and are entitled

to taxable costs as a matter of course, unless the Court has reason to disagree.[1] Defendants timely and properly filed a bill of costs on September 23, 2005. Plaintiff timely filed his objections to the bill of costs on October 3, 2005.

      1.    Plaintiff contends that defendants are not entitled to a subsistence fee for Ben Furth under 28 U.S.C. section 1920(3) because Furth was a party in this case. See Evanow v. M/V Neptune, 163 F.3d 1108, 1118 (9th Cir. 1998) (citing Haraco, Inc. v. American Nat. Bank and Trust Co. of Chicago, 38 F.3d 1429, 1442 (7th Cir. 1994) (holding that a district court may not tax witness fees for party witnesses under 28 U.S.C. section 1920(3))). Defendant argues that the applicable statute for subsistence payments is governed by 28 U.S.C. section 1821 pursuant to Local Rule 54(3)-e. That rule, defendant contends, does not differentiate between non-party and party witnesses, so Furth's subsistence fee should be taxed.

      Defendants are correct that subsistence fees are governed by 28 U.S.C. section 1821, not 28 U.S.C. section 1920. See 28 U.S.C. § 1821(d)(1) ("A subsistence allowance shall be paid to a witness when an overnight stay is required at the place of attendance...."). But defendants point to no authority directing the Court to treat party witnesses differently under section 1821 than they are treated under section 1920, nor can the Court find any. As a result, the general rule applies here: "[T]he expenses of witnesses who are themselves parties are not taxable." Evanow, 163 F.3d at 1118; see also 10 Charles Alan Wright et al., Federal Practice and Procedure: Civil § 2678 (3d ed. 1998). Plaintiff's request to exclude a subsistence fee for defendant Ben Furth is therefore GRANTED, and defendants are not entitled to the $251.00 it requested.

      2.    Defendants requested to tax costs associated with five depositions, including plaintiff's. Plaintiff's object to the following: (1) all costs associated with the depositions of Jessica Grant and Corey Zapantan because they were unnecessary; (2) costs for tabs, word

---

[1] Plaintiff misinterprets the application of Christiansburg Garment Co. v. EEOC, 434 U.S. 412 (1978) to defendants' bill of costs. Christiansburg address whether and when attorneys' fees -- not costs -- are appropriate in a Title VII case.

2

index, condensed transcripts, and "ascii" copies; (3) cost of delivery of depositions; (4) any costs associated with expedited transcript requests and specifically for plaintiff's deposition.

First, plaintiff's objections to the costs associated with the depositions of Jessica Grant and Corey Zapantan as unnecessary is OVERRULED. Defendants contend that plaintiff noticed and took these depositions, which, if true, would be dispositive because plaintiff cannot notice and take depositions and then claim them to be unnecessary when forced to pay for them. Even if these depositions were noticed and taken by defendants, however, they are two of only five depositions for which defendants seek reimbursement of costs. Parties cannot always anticipate if depositions will be necessary in supporting their position, nor should they be punished for being concise in arguing a position. As a result, defendants are entitled to costs associated with the depositions of Jessica Grant and Corey Zapantan.

Second, plaintiff's objections to costs for tabs, word index, condensed transcripts, and "ascii" copies are GRANTED. Local Rule 54-3(c) is quite detailed in defining which costs are taxable. See, e.g., Local Rule 54-3(c)(3) (exhibits); Local Rule 54-3(c)(4) (notary fees). In addition, tabs, word indexes, condensed transcripts and "ascii" copies are not included in Local Rule 54-3(c)(1), which allows for the cost of an original and one copy to be taxed. Defendants do not contend that the costs in question here are part of a standard deposition transcript. As a result, the absence of contested costs in Local Rule 54-3(c) indicates to the Court that they are not taxable. Therefore, defendants are not entitled to the two condensed transcripts they requested, nor the "ascii" copies and word index for the deposition of Jessica Grant. This amounts to $100.00.

Third, plaintiff's objections to the costs of delivery of the depositions is OVERRULED. If a prevailing party has a right to the costs of an original and a copy of a deposition, it has the corresponding right for the costs of the delivery of those transcripts.

Fourth, plaintiff's objections to costs associated with expedited transcript requests is OVERRULED because there is nothing included in any invoice or receipt that indicates an expedited transcript was actually requested, nor does plaintiff provide any such evidence.

3

3.	Plaintiff makes several other policy-based arguments for why the costs should be reduced or waived altogether.  All of these additional objections are OVERRULED.

First, plaintiff contends that he is *pro se* and cannot afford more than $100.00 in costs.  Yet plaintiff fails to provide any evidence supporting this assertion.  Moreover, plaintiff is a lawyer licensed in the state of California with significant earning potential.  Unlike a typical *pro se* plaintiff, he knows (or should know) that taxable costs are routinely granted to the prevailing party.  Furthermore, the costs associated with this case are rather small, and plaintiff's claims, though not frivolous, did not have significant legal or factual support.

Second, plaintiff contends that his case is similar to Assoc. of Mexican-American Educators v. California, in which the Ninth Circuit approved a number of reasons why a district court may determine that a prevailing party bear its own costs.  See Educators, 231 F.3d at 592-593 (approving as valid reasons for denying costs to a prevailing defendant: (1) the losing party's financial resources, including the economic disparity between the parties; (2) misconduct on the part of the prevailing party; (3) "the chilling effect of imposing such high costs on future civil rights litigants"; (4) whether the case involved issues of substantial public importance; (5) whether the issues in the case are close and difficult; (6) whether the case had any merit).  In that case, however, the court stressed the "extraordinary importan[ce]" of the case because the action, brought by a group of individuals and nonprofit organizations, affected "tens of thousands of Californians and the state's public school system as a whole."  Id. at 593.  It noted that the issues were close and complex, and that defendants altered their policies during the course of the litigation.  Id.  Finally, the court added, costs in the case were extraordinarily high.  Id.

In the matter at hand, costs are relatively low, plaintiff represents himself in a case with limited potential consequences beyond the parties, and the issues were not particularly close or complex.  This, combined with other factors mentioned above, counsels the Court against using its discretion to deny taxable costs to the prevailing party.

Third and finally, plaintiff objects to the taxation of costs because of misconduct on the part of defendants.  Plaintiff's only substantial allegation of misconduct is that he had to

4

spend hundreds of dollars in order to serve defendant Ben Furth, yet he does not include any supporting evidence to that effect. Such conclusory allegations are insufficient to support a claim of misconduct. Plaintiff's argument therefore fails.

## CONCLUSION

For the foregoing reasons, defendants' request for taxation of costs is GRANTED in part and DENIED in part. Defendants are entitled to all requested costs except subsistence fees and minor costs associated with two of the depositions. Defendants shall be awarded a total of $2,895.00 in costs pursuant to Local Rule 54.

**IT IS SO ORDERED.**

Dated: October 26, 2005

_____
CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE